## THE PEOPLE v. BARNES.

### APPEAL from the District Court of Ponce.

No. 100.—Decided February 4, 1907.

APPEAL—DEMURRER.—An order overruling a demurrer is not a final order, and
is not appealable, therefore, to the Supreme Court.

ID.—ORDER EXCEPTED TO BY VIRTUE OF LAW.—Orders overruling demurrers are
considered excepted to by virtue of law, and may be reviewed on appeal
taken from final judgment.

The facts are stated in the opinion.

*Mr. Tous Soto* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

Under date of August, 29, 1906, The People of Porto Rico,
represented by the *fiscal,* J. Henri Brown, filed a complaint
in the Municipal Court of Ponce against Francisco Barnes *et
al.,* as the heirs of Antonia Plaja y Acosta, alleging that this
lady had died in Ponce on September 16, 1904, leaving real
and personal property in Porto Rico valued at $31,630; that
by her will such property was transmitted to her legitimate
children, the defendants; that this estate is undivided and no
executor has been appointed; that on September 16, 1905, the
defendants owed The People of Porto Rico as taxes upon
said estate, the sum of $316.30, and said sum was due and
unpaid, and in addition, interest thereon, from September 16
to the present date, at the rate of 10 per cent per annum,
amounting to the sum of $30, and he concluded praying the
court to render judgment in favor of the plaintiff and against
the defendants, adjudging them to pay the sum of $346.30,
interest, which may accrue and the costs of these proceedings.

The defendants, through their counsel, José Tous Soto,
demurred to the complaint on the ground that it did not state
facts sufficient to constitute a good cause of action, and after

the demurrer had been argued by the parties, in which it appears that the construction of section 368 and the first paragraph of section 369 of the Political Code, was discussed, on September 27 of last year the municipal judge held that the law and the facts were in favor of the defendants, the children of Antonia Playa, and against the plaintiff, The People of Porto Rico, sustaining the demurrer filed on the ground that there was not a good cause of action, and dismissing the case with the costs against the People.

Counsel for The People of Porto Rico, appealed to the District Court of Ponce, to which the parties submitted the case without argument, and on November 19, 1906, the demurrer was overruled and the defendants were given 10 days in which to answer the complaint, the costs being taxed against them.

The defendants took an appeal from this decision of the District Court of Ponce, and the record having been transmitted to this court, the parties have presented written briefs relating to the construction which they believe should be given to the said provisions of the Political Code.

"Upon an examination of the decision appealed from, we do not find it included among any of those specifically enumerated in section 295 of the Code of Civil Procedure which determines the decisions of district courts from which an appeal may be taken to the Supreme Court, because the demurrer filed having been overruled, said decision cannot be considered final, and on the contrary the way is left open for the prosecution of the proceedings until a final judgment is rendered, it being then, if an appeal is taken from the judgment rendered, that such decision shall be deemed to have been excepted to by operation of law, in accordance with the provisions of section 213 of the Code cited, and the jurisdiction of the court would also extend thereto, for the affirmance or reversal thereof."

This Supreme Court so held in the opinion of Mr. Justive Hernández, in case No. 102, *Francisco Escalona* v. *Gavino Alvao et al.* (10 P. R. Rep., p. 163), from the District Court of San Juan, decided February 12, 1906.

And as the case of the appeal under consideration is in its nature identical to the case to which we refer, it should be held, upon the same grounds advanced at that time, that no decision lies on this appeal, and the costs are taxed against the appellant.

*Dismissed.*

Chief Justice Quiñones, and Justices Hernández, Mac-Leary and Wolf concurred.